UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FABIAN L.C., by and through their next friend LUIS FERNANDO LASLUIZA COSQUILLO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General, KRISTI NOEM, Secretary, U.S. Department of Homeland Security, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,<br><br>Respondents. | Case No. 26-CV-493 (NEB/DLM)<br><br>ORDER ON<br>PETITION FOR<br>WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Fabian L.C'.s Petition for a Writ of Habeas Corpus.[1] (ECF No. 1 ("Pet.").) Fabian L.C. is a citizen of Ecuador who has lived in the United States since 2019. Fabian L.C. has a pending asylum application; he does not have a final order of removal. He works regularly as a painter and has a work permit.

Immigration and Customs Enforcement ("ICE") took Fabian L.C. into custody at his home. Dressed in a mix of tactical gear and plain clothes, and driving unmarked

---

[1] The following facts are alleged in the Petition and Respondents do not refute them.

vehicles, agents surrounded Fabian L.C.'s home, banged on doors and windows, and demanded that Fabian L.C. come to the door. When Fabian L.C. did so, agents dragged him outside by his shirt collar. Meanwhile, agents deployed flash bangs, pepper spray, pepper balls, and gas on community members nearby who were protesting ICE's presence.

Fabian L.C. filed this habeas action challenging his detention under 28 U.S.C. § 2241. The Court ordered Respondents to explain "[w]hether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release." (ECF No. 4 at 2.) Respondents did not provide a warrant or respond to this portion of the Court's order.

Fabian L.C. is one of hundreds of petitioners across the country who have challenged their detention by ICE. Like those petitioners, Fabian L.C. argues he has been misclassified as a detainee under 8 U.S.C. Section 1225(b)(2) of the Immigration and Nationality Act ("INA") rather than Section 1226(a). Detention is mandatory under Section 1225(b)(2), but discretionary under Section 1226(a); and Section 1226(a), unlike Section 1225, provides for a bond hearing. 8 U.S.C. §§ 1225, 1226; *see also Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (describing the legal framework of Sections 1225 and 1226).

Because he has been living in the United States since he entered the country over six years ago, Fabian L.C. asserts that Section 1226, rather than Section 1225, applies. He

therefore argues that he is entitled to release and that his detention under Section 1225(b)(2) violates the Fifth Amendment, the INA, and the Administrative Procedure Act.

Respondents largely concede that their arguments are foreclosed by the Court's decision in *Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312 (D. Minn. Nov. 4, 2025).[2] There, the Court explained that Section 1225(b)(2) applies to applicants "seeking admission," meaning people entering the United States. Petitioners who have resided in the United States for years are not "seeking admission," and thus not subject to mandatory detention; instead, discretionary detention under Section 1226 applies. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. Sections 1226(a) and (c)).

The Court is not alone in its decision; the majority of courts to rule on the matter—including the only federal court of appeals to weigh in on the issue—came to the same conclusion as *R.E. See, e.g.*, *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–62 (7th Cir. 2025); *Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-CV-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-CV-

---

[2] Respondents' arguments that *R.E.* was incorrectly decided are preserved for appeal.

3

3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *E.M. v. Noem*, 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).

Respondents attempt to factually distinguish *R.E* by pointing to Fabian L.C.'s asylum application.[3] A pending asylum application does not transform someone who has resided in the country for years into someone "seeking admission" for Section 1225 purposes. Rather, to the extent asylum applicants "seek" anything, it is "not 'admission' or 'lawful entry' to the United States, but to obtain a lawful means to remain here." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 489 n.7 (S.D.N.Y. 2025); *Barco Mercado v. Francis*,-- F. Supp. 3d --, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *5 (S.D.N.Y. Nov. 26, 2025) ("A noncitizen [with a pending asylum application] who already has entered the United

---

[3] Many courts have rejected the notion that a pending asylum application subjects the petitioner to Section 1225. *See Mayamu K. v. Bondi*, No. 25-CV-3035 (JWB/LIB), 2025 WL 3641819, at *4 (D. Minn. Oct. 20, 2025) ("That Petitioner is in asylum proceedings does not alter this analysis."); *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1152 (D. Minn. 2025) (concluding that an applicant for asylum is subject to Section 1226); *Mayra Janeth C.-C. v. Bondi*, 26-337 (KMM/JFD) (D. Minn. Jan. 18, 2026), ECF No. 7 at 2–3; *Q-A v. Noem*, Civ. No. 1:25-1382-MSN-WEF, 2025 WL 2783800, at *7 (E.D. Va. Sept. 30, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 498 (S.D.N.Y. 2025); *Quishpe-Guaman v. Noem*, No. 4:25-CV-00211-TWP-KMB, 2025 WL 3201072, at *3 (S.D. Ind. Nov. 17, 2025) (rejecting the argument that "because Quishpe has applied for asylum, she is plainly seeking admission to the United States, and so she is subject to mandatory detention").

States illegally and is living here cannot be said to be actively seeking lawful entry into the United States. The entry, whether lawful or unlawful, occurred years ago."). Fabian L.C. is thus not subject to mandatory detention under Section 1225.

The Court therefore grants the Petition for Writ of Habeas Corpus, but the issue of remedy remains. Fabian L.C. requests immediate release, while Respondents assert that a bond hearing would be the proper remedy. Several courts in this District have concluded that petitioners detained by ICE without an administrative warrant, which is required by Section 1226(a), should be immediately released. *E.g.*, *Ahmed M. v. Bondi*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *7 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, 26-CV-5 (PJS/LIB) (Jan. 12, 2026), ECF No. 8 at 3–4; *see also* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."). Fabian L.C. asserts that his arrest was warrantless, so immediate release is the proper remedy. The Court ordered Respondents to produce evidence to establish the lawfulness and correct duration of Fabian L.C.'s detention and to explain whether the absence of a warrant impacts necessitates immediate release. Respondents did not submit a warrant to support Fabian L.C.'s arrest, nor did address the warrant issue in their brief. Because a warrant is a prerequisite to detention under Section 1226(a), and there was no warrant here, Fabian L.C.'s detention lacks a lawful predicate. *Vedat C. v. Bondi*, No. 25-CV-4642 (JWB/DTS) (D.

5

Minn. Dec. 19, 2025), ECF No. 9 at 6; *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-CV-437, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* No. 25-2060 (1st Cir. Nov. 7, 2025). The Court therefore orders the immediate release of Fabian L.C.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. The Court:

    a. DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, under the discretionary authority of 8 U.S.C. § 1226;

    b. ORDERS that Respondents release Petitioner from custody in Minnesota as soon as practicable with coordination or at least two hours' advance notice to counsel, but not later than 24 hours after entry of this Order;

    c. ORDERS that, within **two days** of release, the Respondents shall file notice on the docket confirming that release within Minnesota has occurred;

      d.    ENJOINS Respondents from moving Petitioner outside of Minnesota before Compliance with this Order. If Petitioner has already been removed from Minnesota, Respondents are ORDERED to immediately return Petitioner to Minnesota; and

      e.    ENJOINS Respondents from imposing any conditions on Petitioner's release.

LET JUDGMENT BE ENTERED ACCORDINGLY.

| | |
|---|---|
| Dated: January 24, 2026<br>Time: 10:25 a.m. | BY THE COURT:<br>s/Nancy E. Brasel<br>Nancy E. Brasel<br>United States District Judge |